**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **CRIMINAL ACTION** |
| ) | **NO. 04-1735-CBS** |
| TODD HICKEY, ET AL., ) | |
| Defendants, ) | |
| _____) | |

**MEMORANDUM AND ORDER**
**ON PRETRIAL SERVICES' REQUEST FOR REVOCATION OF**
**TODD HICKEY'S RELEASE ON CONDITIONS**

**June 2, 2004**

**SWARTWOOD, M.J.**

I.  Background

On May 12, 2004, a Criminal Complaint was filed, charging Todd Hickey ("Mr. Hickey") and another, with possession with intent to dispose of stolen firearms, in violation of 18 U.S.C. §922(j) and conspiracy to commit that offense, in violation of 18 U.S.C. §371.

At Mr. Hickey's initial appearance on May 13, 2004 in connection with this Complaint, the Pretrial Services Officer assigned to this case, recommended that Mr. Hickey participate in an in-patient substance abuse treatment program and with the assent of counsel for the Government and Mr. Hickey, arrangements were made for Mr. Hickey to be accepted at Spectrum House in Westborough, Massachusetts for such drug treatment.

On May 19, 2004, I issued an Order transferring Mr. Hickey to the custody of Spectrum House personnel for transportation to Spectrum House for in-patient drug treatment and further ordered that Mr. Hickey remain at Spectrum House until it is determined by Spectrum House personnel that he has successfully completed an in-patient drug treatment program.  I further ordered that: "Mr. Hickey shall obey all rules and regulations at Spectrum House and if he should breach or violate those rules or regulations, then an arrest warrant shall issue forthwith for his arrest for violation of his conditions."  Govt. Ex. 1.

## II.   Nature of the Proceeding

On May 21, 2004, the Pretrial Services Office requested that a warrant issue for Mr. Hickey's arrest for his unauthorized absence from Spectrum House.  Govt. Ex. 2.  Mr. Hickey was arrested that same day.  Govt, Ex. 3.

## III.   Facts

1.   On May 17, 2004, Mr. Hickey was transported to Spectrum House where he was to remain for in-patient drug treatment until it was determined by Spectrum House personnel that he had successfully completed treatment at that facility.  Govt. Ex. 1.

2.   On May 20, 2004, at approximately 6:25 p.m., a Spectrum House staff member saw Mr. Hickey get into a waiting automobile and speed away from Spectrum House.  Govt. Ex. 2.

3.   Mr. Hickey did not return to Spectrum House and on May 21, 2004, a warrant for his arrest was issued by Judge Gorton for

violation of his conditions of release.  Id.

    4.  On May 21, 2004, U.S. Marshals located Mr. Hickey at or near 107 Granite Street, in Worcester, Massachusetts. Deputy U.S. Marshals approached Mr. Hickey, identified themselves as law enforcement officers and informed Mr. Hickey that he was being placed under arrest for violating his conditions of release.  Mr. Hickey then informed the Deputy U.S. Marshals that his name was "John" and refused to cooperate and resisted being handcuffed.  Mr. Hickey was then subdued and later admitted to his identity.  Govt. Ex. 3.

## IV.  Discussion

    Section 3148(b) provides that the judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –

    (1)  finds that there is –

        (A)  . . .; or

        (B)  clear and convincing evidence that the person has violated any other condition of release; and

    (2)  finds that –

        (A)  . . .; or

        (B)  the person is unlikely to abide by any condition or combination of conditions of release.

    In this case the Government asserts that Mr. Hickey's conditions of release should be revoked on the grounds there is clear and convincing evidence that he violated his conditions of

release by leaving Spectrum House without authorization and thereby failing to complete an in-patient drug treatment program as ordered by this Court.  The Government further contends that it is unlikely that Mr. Hickey will abide by any conditions of release.

    A.    <u>Whether Mr. Hickey Violated His Conditions of Release</u>

Clearly, Mr. Hickey violated his conditions of release when he left Spectrum House after having been ordered to remain at that facility for in-patient drug treatment.

        B.    <u>Whether Detention Is Warranted</u>

The question presented is whether or not Mr. Hickey will abide by any condition or combination of conditions, if released.  After Mr. Hickey was arrested and appeared in this Court for his initial appearance in connection with the underlying Criminal Complaint, he requested that he be released from custody for a few days in order to put his affairs in order before going to Spectrum House for in-patient drug treatment.  I denied that request and kept Mr. Hickey in custody.  Following a weekend in custody, Mr. Hickey was transported to Spectrum House for in-patient drug treatment by Spectrum House employees.  Mr. Hickey entered Spectrum House on May 17, 2004 and left that facility, without authorization, three day later on May 20, 2004.  I find that Mr. Hickey had no intention of remaining at Spectrum House for drug treatment.  When the Deputy U.S. Marshals attempted to arrest Mr. Hickey for violation of his conditions of release, he first attempted to deceive the officers by identifying himself as someone other than himself and

4

thereafter, attempted to resist arrest. Therefore, considering these facts, I find that Mr. Hickey is unlikely to abide by any conditions I may impose for his release.

### V. Conclusion

I find by clear and convincing evidence that Mr. Hickey violated his conditions of release by leaving Spectrum House where he was ordered to stay until he had successfully completed an in-patient drug treatment program. Further, I find under the circumstances outlined above, that Mr. Hickey is not likely to abide by any conditions or combination of conditions of release. Therefore, Mr. Hickey's release is revoked and he is ordered detained.

### VI. Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Hickey be committed to the custody of the Attorney General, or her designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Hickey be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Hickey is detained and confined

shall deliver Mr. Hickey to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

### RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE